# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:20-CR-00046-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BRIAN DUANE MARTZ, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the "Motion to Withdraw as Counsel/Status Inquiry" (document # 200) filed November 23, 2020.

The Court initially held a hearing on this Motion on December 8, 2020 with appointed counsel Brent Walker representing Defendant. Defendant asked to represent himself. The United States Supreme Court held in Faretta v. California, 422 U.S. 806, 819 (1975), that the Sixth Amendment implicitly provides a criminal defendant an affirmative right to self-representation. To be effective, "[a]n assertion of the right of self- representation must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted). The Court attempted to conduct a hearing pursuant to Faretta. Defendant refused to answer any of the Court's questions or cooperate with the hearing. The Court terminated the hearing and continued the matter until December 22, 2020.

At the hearing on December 22, 2020, Mr. Walker represented that he had provided some legal authority to Defendant on the waiver of counsel issue. The Court was able to engage in a <u>Faretta</u> colloquy with Defendant. He is forty-one years of age and does not suffer from any physical or mental disability. He has completed a GED and is able to read and write. He affirmed his understanding of his right to retained or appointed counsel. The Court advised him that he would be expected to follow all rules of evidence and procedure and would be held to the same standard as an attorney. He understands that the presiding judge must remain impartial and cannot assist him in any way as to defenses, jury instructions, or any other matters. The Assistant U.S. Attorney stated the charge as well as the mandatory minimum and maximum penalties upon conviction. Defendant understands the charge and the mandatory minimum and maximum penalties. Defendant did not pose any questions to the Court and reiterated his request to represent himself at the conclusion of the hearing.

Defendant's answers to the Court's questions and his statements during the hearing indicate that he has made a clear and unequivocal as well as a knowing, intelligent and voluntary decision to represent himself and waive his right to counsel. The Court also finds that Defendant understands the consequences of representing himself. Finally, the Court finds that the request is timely. Therefore, for the foregoing reasons, Defendant's Motion to represent himself is **GRANTED**.

The Clerk is directed to send copies of this Order to the pro se Defendant, the U.S. Attorney, and to the Honorable Kenneth D. Bell.

**SO ORDERED**.

Signed: December 23, 2020

_____
David S. Cayer
United States Magistrate Judge